HAGER *v.* HAGER.

1. FRAUD—PLEADING.

   The mere allegation or claim of fraud is not sufficient to establish a cause of action based thereon, as there must be averments of facts from which such inference may fairly and reasonably be drawn.

2. ESTATES OF DECEDENTS—FRAUD—EXECUTORS—PLEADING.

   Bill of complaint by widow, *in propria persona,* as successor executrix of her late husband's estate, *held,* not to contain averments of facts from which inferences could be fairly and reasonably drawn as setting forth a cause of action on behalf of the estate against defendant predecessor executors of the estate for mishandling of funds or mismanagement of the music business in which the husband and the estate had been engaged, hence, bill was properly dismissed.

Appeal from Kent; Vander Wal (John H.), J. Submitted November 5, 1963. (Calendar No. 50, Docket No. 49,289.) Decided February 3, 1964.

Bill by Clara D. Hager, executrix under the will of Nicholas E. Hager, against Titus W. Hager, Sr., and the Michigan Trust Company, today operating under name of Old Kent Bank and Trust Company, alleging irregular financial transactions before and after death of husband. Bill dismissed on motion. Plaintiff appeals. Affirmed.

*Clara D. Hager, in propria persona.*

*Warner, Norcross & Judd (Peter Van Domelen,* of counsel), for defendants.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur, Fraud and Deceit § 243 *et seq.*
[2] 21 Am Jur, Executors and Administrators § 308.

PER CURIAM.  Plaintiff, as executrix, appearing *in propria persona,* began her bill of complaint as follows:

"Wealthy Widow makes discoveries in recent research fourteen years after husbands death.  Brother-in-law and Trust Company conspired, defrauded, mishandled and bankrupt Hager's Music House and Hager's Schools of Music."

Plaintiff's husband died September 5, 1946.  After notice and hearing, the probate court for Kent county, entered an order October 11, 1946, admitting decedent's will and codicils to probate and appointing defendants Trust Company and Titus A. Hager, Sr., as coexecutors.  About 4 months later, the coexecutors filed an accounting covering the period from October 11, 1946, to February 14, 1947.  At the same time, defendant Titus Hager asked to resign as fiduciary of the estate.  By order of April 1, 1947, the accounting was allowed and defendant Hager was discharged.  Plaintiff and her daughter, Carol Dykstra, were appointed coexecutrixes to serve with the Trust Company.  Later, the Trust Company filed an accounting and asked to resign.  On February 19, 1948, the accounting and resignation were permitted and an order discharging the Trust Company was entered.  A separate release was given by plaintiff to the Trust Company.  Later, the daughter resigned as coexecutrix.  March 2, 1961, plaintiff brought suit.  From an order dismissing her bill and amended bill, plaintiff appeals.

The true posture of the case is best stated by Judge Vander Wal in his summary from the bench:

"There are mere general statements that there was mishandling of funds and mismanagement of the business.   And the general statements are not followed by facts that the court can determine any basis for fraud.  In addition, the bill of complaint,

which was originally filed prays for no relief. While the bill of complaint is filed in chancery, it asks for no relief of any kind from this court. Then in the answer which was filed at the opening of this hearing this afternoon, which hasn't even been filed with the county clerk, so-called amended bill of complaint and also called new discovery of fraud, but it is an answer to defendant's motion to dismiss. And, in fact, it prays that the honorable court demand a settlement in full from the defendants and plaintiff be granted all her rights and equities. It makes no specific prayer for any specific relief. * * *

"Now, Mrs. Hager has presented to the court, and I wanted to give her all the time she needed to present the matters to the court, bearing in mind she didn't have a lawyer, the court listened for a couple of hours to her testimony, what some lawyer might have told her, what certain lawyers who are now dead told her, what happened in bankruptcy court, all hearsay, which isn't even proper, but I listened to it, and Mrs. Hager presented to the court several documents, letters she referred to as affidavits but they were not affidavits, they were mere statements signed by parties not under oath. Many of the documents that she referred to as affidavits were not even signed, but the court has read them all over, and some of them refer to matters that occurred long before or before Mr. Hager died, instructions that Mr. Hager had given Mrs. Hager during his lifetime, matters relating to bank accounts [which] were in the joint names between Mr. Hager and his daughter, and several letters and documents which were written as late as 1959 and 1960, ten years or more, 14 years after either one of these defendants were relieved of their duties as coexecutors of this estate."

The only question essential to review is whether the bill and amended bill stated a cause of action, bearing in mind that plaintiff brings suit in her capacity as executrix against 2 former executors of

her husband's estate. Herewith is a sampling of plaintiff's allegations:

1. That her husband's safety deposit box was entered by the attorney for the Trust Company several months prior to her husband's death. "Deeds, abstracts and other documents relating to real estate were removed," it is alleged. It is not alleged, however, that the box was entered without authority, nor is it claimed that the documents were not returned, nor that improper use was made of them. Surely, this bare allegation neither recites nor infers fraud.

2. "Recent discovery" was made of a bank account, listing her husband and daughter as joint owners, which was withdrawn from the bank August 5, 1946, one month before the death of her husband. It is not alleged who withdrew the funds, nor may it be inferred from the allegation wherein the estate may have suffered. This, too, is insufficient as an allegation claiming fraud against the estate.

3. A similar allegation is made regarding another account, jointly so held. However, the allegation is made that defendant Hager advised plaintiff's daughter to withdraw the funds "at variance with my husband's wishes, he desiring her to have same personally, after his death." Our conclusion is the same as to this allegation: it alleges no fraudulent acts assertable as such on behalf of the estate.

A scatter-gun approach is used throughout the bill and amended bill, and no useful purpose would be served by reviewing each allegation or charge. We are told finally, after a dreary inventory of claims, that there are "Many more incidents of which are too numerous to mention which were duly the cause of the bankrupting" of the family business "on March 4, 1955." Plaintiff has been sole executrix since 1948.

The rule which governs this case is stated in *Taylor* v. *S. S. Kresge,* 332 Mich 65, 74, as follows:

"The mere allegation or claim of fraud is not sufficient to establish a cause of action based thereon. There must be averments of facts from which such inference may fairly and reasonably be drawn."

After review of plaintiff's allegations, we conclude that plaintiff made no such averments of facts from which inferences could be fairly and reasonably drawn as setting forth a cause of action on behalf of the estate against the defendants.

Affirmed. Costs to appellees.

Kavanagh, C. J., and Dethmers, Kelly, Black, Souris, Smith, and O'Hara, JJ., concurred.

Adams, J., took no part in the decision of this case.