PEOPLE v KEETH

Docket Nos. 136054, 136294. Submitted January 15, 1992, at Lansing. Decided April 7, 1992, at 9:00 A.M. Leave to appeal denied, 440 Mich 866.

Donald Keeth and Robert Puckett were convicted by a jury in the 14A District Court, Kenneth Bronson, J., of violating the Wetland Protection Act, MCL 281.701 *et seq.*; MSA 18.595(51) *et seq.*, by depositing or permitting placement of fill material in a wetland without a permit from the Department of Natural Resources. The DNR had disapproved an application for a permit filed by Keeth, as well as an earlier application filed by the person who had sold the property to the defendants. The district court ordered the defendants to pay a fine and to restore the wetland to its condition immediately before the violation. The Washtenaw Circuit Court, Melinda Morris, J., affirmed the convictions, but reversed the order of restoration. The Court of Appeals granted the defendants leave to appeal the circuit court's affirmance of their convictions, granted the prosecution leave to appeal the circuit court's reversal of the order of restoration, and consolidated the appeals.

The Court of Appeals *held:*

1. The defendants did not obtain a permit to fill the wetland by operation of law. The DNR, as required by MCL 281.708(2); MSA 18.595(58)(2), disapproved the permit applications within ninety days of their filing. The fact that the applicants received notice of the denials more than ninety days after the filings is of no consequence because subsection 2 only requires that approval or disapproval be made within ninety days of filing. Also, the failure of the DNR to conduct a hearing with regard to Keeth's permit application within sixty days of filing did not serve as an approval. MCL 281.708(1); MSA 18.595(58)(1) allows the DNR, within sixty days of the filing of an application for a permit, to conduct a hearing at its discretion or upon a written request for a hearing, but provides no sanction for the failure

REFERENCES

Am Jur 2d, Waters §§ 430 *et seq.*

Conservation: Validity, construction, and application of enactments restricting land development by dredging or filling. 46 ALR3d 1422.

to do so. The Court of Appeals is disinclined to provide a sanction or remedy where none is provided by the Legislature.

2. The district court did not abuse its discretion in allowing the proofs to be reopened. The defendants were not surprised or prejudiced by the additional proofs.

3. The circuit court erred in ruling that the district court lacked authority to order the restoration of the wetland. Although the order was essentially a mandatory injunction that historically has been considered an equitable remedy usually beyond a district court's powers, MCL 281.714(4); MSA 18.595(64)(4) empowers a district court to order a person who is convicted of a misdemeanor for a violation of the Wetland Protection Act to restore as nearly as possible the affected wetland to its condition immediately before the violation.

Affirmed in part and reversed in part.

1. ENVIRONMENT — WETLAND PROTECTION ACT — DEPARTMENT OF NATURAL RESOURCES — PERMITS FOR DEPOSIT OF FILL MATERIAL.

The Wetland Protection Act requires the Department of Natural Resources to approve or disapprove within ninety days of its filing an application for a permit to place or deposit fill material in a wetland, but does not require the department to notify the applicant of its approval or disapproval within ninety days of filing (MCL 281.708[2]; MSA 18.595[58][2]).

2. ENVIRONMENT — WETLAND PROTECTION ACT — DEPARTMENT OF NATURAL RESOURCES — PERMITS FOR DEPOSIT OF FILL MATERIAL — HEARINGS.

The Wetland Protection Act allows the Department of Natural Resources to approve or disapprove an application for a permit to place or deposit fill material in a wetland without conducting a hearing if a hearing is not requested in writing; where requested, a hearing must be conducted within sixty days of the filing of the permit application; however, there is no sanction or remedy for the failure to conduct a requested hearing within the time period (MCL 281.708[1]; MSA 18.595[58][1]).

3. ENVIRONMENT — WETLAND PROTECTION ACT — MISDEMEANORS — DISTRICT COURT.

A district court that convicts a person under the Wetland Protection Act of the misdemeanor of depositing or permitting placement of fill material in a wetland is empowered by the act to order the person to restore as nearly as possible the affected wetland to its condition immediately before the violation (MCL 281.714[4]; MSA 18.595[64][4]).

*Frank J. Kelley,* Attorney General, *Gay Secor*

*Hardy,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Kirk K. Nissley,* Assistant Prosecuting Attorney, for the people.

*Miller, Johnson, Snell & Cummiskey* (by *David J. Haywood*), for the defendants.

Before: REILLY, P.J., and MACKENZIE and WEAVER, JJ.

PER CURIAM. Defendants, the owners of 1.5 acres of property on Horseshoe Lake in Washtenaw County, were convicted of depositing or permitting the placement of fill material in a wetland without first obtaining a permit from the Michigan Department of Natural Resources, MCL 281.705; MSA 18.595(55), after a jury trial in district court. Defendants were fined $1,500 and ordered to "restore" the wetland. The circuit court affirmed defendants' convictions, but reversed the district court's order of restoration. In these consolidated cases, defendants appeal by leave granted from the circuit court order affirming their convictions and the prosecution appeals by leave granted from the circuit court's order reversing the district court's order of restoration. We affirm defendants' convictions and reverse the order of the circuit court vacating the restoration order of the district court.

I

Defendants first argue that their convictions were improper because they were issued a permit to fill the wetland by operation of law.

Defendants purchased the property in question in September 1987 from Henry Wall. Mr. Wall apparently assigned to defendants his interest in a June 19, 1987, application to the DNR for a permit to place fill material on the land. The DNR had

sent the application back with a correction request and Wall had resubmitted the application on July 22, 1987. The DNR denied Wall's application on October 20, 1987. Wall received notice of this denial on October 22, 1987. Defendants were apparently aware of this denial, because they alleged that they subsequently contacted the DNR and advised the department that it was their position that the Wall permit was granted because the DNR disapproval was late.

Defendants filed their own application for a permit in the name of defendant Keeth on April 22, 1988. On July 19, 1988, a public hearing regarding the application was held. On October 17, 1988, a letter of denial was sent by the DNR. Defendant Keeth received the letter on October 18, 1988. Defendants filled the property in August 1989.

Defendants argue that they did not violate the act by filling the land because a permit had been issued "by operation of law" when the DNR failed to act on the applications of Wall and Keeth within the statutory period and failed to hold a hearing regarding Keeth's application within the statutory period.

The procedure for approving or denying a permit application under the Wetland Protection Act is set out in MCL 281.708; MSA 18.595(58), which provides in pertinent part:

> (1) Within 60 days after receipt of the completed application and fee, the department may hold a hearing. . . . The department may approve or disapprove a permit application without a public hearing unless a person requests a hearing in writing . . . or the department determines that the permit application is of significant impact to warrant a public hearing.
>
> (2) If a hearing is not held, the department shall

> approve or disapprove the permit application within 90 days after the completed permit application is filed with the department. If a hearing is held, the department shall approve or disapprove the permit application within 90 days after the conclusion of the hearing. . . . If the department does not approve or disapprove the permit application within the time provided by this subsection, the permit application shall be considered approved, and the department shall be considered to have made the determinations required by section 9.

Defendants acknowledge in their brief on appeal that the DNR disapproved the Wall application on the ninetieth day after receiving the completed application and disapproved the Keeth application on the ninetieth day following the hearing, but argue that the DNR did not comply with the time limits of the statute because Wall and Keeth were not notified of the disapprovals within ninety days. However, subsection 2 of the statute does not require that the applicant be given notice of the action within ninety days; it only requires that the DNR either approve or disapprove the application within ninety days. Accordingly, we conclude that the DNR complied with the time requirements of MCL 281.708(2); MSA 18.595(58)(2).

Additionally, we conclude that the failure to hold a hearing regarding Keeth's application within sixty days did not, as defendants assert, serve as an approval and create a permit by "operation of law." Subsection 1 does not require that the DNR hold hearings regarding permit applications. Rather, it states that within sixty days of receiving the application the DNR *may* hold a hearing. MCL 281.708(1); MSA 18.595(58)(1).

Subsection 1 does provide that any hearing regarding a permit application must be held within

sixty days after the receipt of the application. However, unlike the provisions of subsection 2, regarding the time limit for the approval or disapproval of the permit application, there is nothing in the statute to indicate that the failure to hold a hearing within sixty days constitutes an approval of the permit. Although the statute sets a time limit for holding a hearing, it does not provide a sanction or remedy for failure to comply. We are not inclined to impose a sanction or supply a remedy that the Legislature has failed to provide. See *In re Da Baja,* 191 Mich App 281; 477 NW2d 148 (1991); *In re Kirkwood,* 187 Mich App 542, 546; 468 NW2d 280 (1991).

Furthermore, we conclude that defendants were not prejudiced by the delay in holding the hearing, which extended the time period between the submission of the permit application and the decision of the DNR by twenty-two days. Defendants did not fill the property until August 1989, approximately ten months after they were notified that their application had been denied. Having acted in direct contravention of the DNR decision, defendants cannot claim that they acted in reliance upon the inaction of the DNR.

II

Defendants also argue that the trial court erred in denying their motion for a directed verdict and in allowing the prosecution to reopen its proofs.

The reopening of proofs rests within the sound discretion of the trial court. *People v Collier,* 168 Mich App 687, 694; 425 NW2d 118 (1988). The relevant factors are whether any undue advantage would be taken by the party moving to reopen the proofs and whether there is any showing of surprise or prejudice to the nonmoving party. *Id.* at 694-695.

At the close of the prosecution's case in chief, defendants moved for a directed verdict. They argued that the prosecution failed to establish that defendants placed the fill on the property, permitted the fill to be placed on the property, or even owned the property in question. The prosecution responded that defense counsel had previously represented that the identification of defendants as the parties responsible for the fill would not be an issue and that the real issue would be whether the property was a wetland. The trial court recognized that there was no such stipulation on the record, but granted the prosecution's motion to reopen the proofs.

We conclude that the trial court did not abuse its discretion in allowing the proofs to be reopened. Defendants were not surprised or prejudiced by the additional proofs regarding their participation in the filling of the property. The prosecution had several witnesses who were available to testify regarding defendants' involvement. Moreover, both defendants admitted that they owned the property and that they permitted the property to be filled.

III

The prosecution argues that the circuit court erred in ruling that the district court lacked authority to order the restoration of the property because restoration was an equitable remedy beyond the jurisdiction of the district court.

In the present case, defendants were convicted of filling in a wetland without a permit. The crime is a misdemeanor punishable by a fine of not more than $2,500, MCL 281.714(2); MSA 18.595(64)(2). The district court fined defendants and addition-

ally ordered that they restore the wetland pursuant to MCL 281.714(4); MSA 18.595(64)(4).

District courts have jurisdiction over misdemeanors punishable by fine or imprisonment not to exceed one year, or both. MCL 600.8311(a); MSA 27A.8311(a). "The district court shall not have jurisdiction in actions for injunctions, divorce or actions which are historically equitable in nature, *except as otherwise provided by law*" (emphasis added). MCL 600.8315; MSA 27A.8315. Although the district court's restoration order is essentially a mandatory injunction that historically has been considered an equitable remedy, see generally 61A Am Jur 2d, Pollution Control, § 587, pp 1019-1020; *Sokel v Nickoli,* 347 Mich 146; 79 NW2d 485 (1956), we believe that the district court had jurisdiction to impose this remedy on the basis of certain provisions of the Wetland Protection Act.

Civil and criminal penalties may be imposed for violations of the act:

> (1) The attorney general may commence a civil action for appropriate relief, including injunctive relief upon request of the department under section 13(1). An action under this subsection may be brought in the circuit court for the county of Ingham or for a county in which the defendant is located, resides, or is doing business. The court has jurisdiction to restrain the violation and to require compliance with this act. In addition to any other relief granted under this section, the court may impose a civil fine of not more than $10,000.00 per day of violation. A person who violates an order of the court shall be subject to a civil fine not to exceed $10,000.00 for each day of violation.
>
> (2) A person who violates this act is guilty of a misdemeanor, punishable by a fine of not more than $2,500.00.
>
> (3) A person who wilfully or recklessly violates a condition or limitation in a permit issued by the

department under this act, or a corporate officer who has knowledge of or is responsible for a violation is guilty of a misdemeanor, punishable by a fine of not less than $2,500.00 nor more than $25,000.00 per day of violation, or by imprisonment for not more than one year, or both. A person who violates this section a second or subsequent time is guilty of a felony punishable by a fine of not more than $50,000.00 for each day of violation, or by imprisonment for not more than 2 years, or both. [MCL 281.714; MSA 18.595(64).]

Furthermore, MCL 281.714(4); MSA 18.595(64)(4) provides in part:

In addition to the penalties provided under subsections (1), (2), and (3), *the court* may order a person who violates this act to restore as nearly as possible the wetland which was affected by the violation, to its original condition immediately before the violation. [Emphasis added.]

Defendants argue that although the statute does not specify which court may order restoration, it refers to the circuit court only, because of the restriction on a district court's equitable jurisdiction.

Where statutory language is clear and unambiguous, judicial interpretation is precluded and this Court will not look beyond the ordinary meaning of the unambiguous language in giving effect to the statute. *Reisman v Wayne State Regents,* 188 Mich App 526, 536; 470 NW2d 678 (1991). If construction is required, this Court must determine and give effect to the intention of the Legislature. The language of a statute should be given a reasonable construction, considering its purpose and the object to be accomplished. An act must be read in its entirety and due consideration must be given to all sections in order to produce an harmonious

and consistent enactment as a whole. Statutes are to be construed to avoid unreasonable or absurd consequences. *Id.*

As was noted above, MCL 281.714(4); MSA 18.595(64)(4) provides for restoration *in addition to* the penalties provided under subsections 1, 2, and 3. We conclude that the plain language of subsection 4 empowers both district courts that preside over misdemeanor cases, as provided in subsections 2 and 3, and circuit courts that preside over civil and felony cases, as provided in subsections 1 and 3, to order restoration.

The primary purpose of the Wetland Protection Act is to ensure the preservation and protection of wetlands. See *Citizens Disposal, Inc v Dep't of Natural Resources,* 172 Mich App 541, 551; 432 NW2d 315 (1988). We believe that allowing district courts that preside over misdemeanor violations of the act to order restoration in addition to a fine is consistent with this purpose.

On the basis of the foregoing, we conclude that the circuit court erred in ruling that the district court did not have jurisdiction to enter an order of restoration.

In Docket No. 136294, we affirm defendants' convictions. In Docket No. 136054, we reverse the circuit court's order vacating the district court's order of restoration and reinstate the order of the district court.

Affirmed in part and reversed in part.