# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DORIAN LAMARR PRICE,

        Defendant-Appellant.

UNPUBLISHED
June 1, 2017

No. 330710
Wayne Circuit Court
LC No. 15-004825-01-FC

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

Following a bench trial, defendant, Dorian Lamarr Price, was convicted of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, felonious assault, MCL 750.82, carrying a concealed weapon, MCL 750.227, possession of a firearm during the commission of a felony, second offense (felony-firearm), MCL 750.227b, and possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f. The court sentenced defendant as a fourth habitual offender, MCL 769.12, to 7 to 15 years' imprisonment for the AWIGBH conviction, 2 to 10 years' imprisonment for the felonious assault conviction, 30 months to 10 years' imprisonment for the carrying a concealed weapon conviction, five years' imprisonment for the felony-firearm, second offense, conviction, and 30 months to 10 years' imprisonment for the felon-in-possession conviction. We affirm.

This appeal arises out of the nonfatal shooting of Clyde Beauchamp on September 29, 2014, in Detroit, Michigan. On appeal, defendant argues that he was denied the effective assistance of counsel, that the trial court's verdicts are inconsistent, and that his AWIGBH and felonious assault convictions violate his protection against double jeopardy. We disagree.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that, where the prosecution failed to admit evidence of defendant's prior qualifying felony conviction during her case-in chief, defense counsel was ineffective by failing to move for a directed verdict of acquittal of the felon-in-possession charge after the close of the prosecution's proofs. Defendant claims that by failing to move for a directed verdict at the appropriate time, defense counsel "supplied the missing evidence for the felon-in-possession charge" by allowing defendant to testify regarding, and be cross-examined about, his criminal history. He claims this resulted in deficient representation and that defendant was prejudiced as a result. We disagree.

-1-

"Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *Id*. at 187, citing *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). To establish ineffective assistance of counsel, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that, but for the deficient representation, "there is a reasonable probability that the outcome of defendant's trial would have been different." *Solloway*, 316 Mich App at 188, citing *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001), citing *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Because defendant failed to raise this issue in the trial court in connection with a motion for a new trial or an evidentiary hearing, this Court's review is limited to mistakes on the record. See *People v Solloway*, 316 Mich App 174, 188; 891 NW2d 255 (2016).

In the case at bar, while it certainly would have been desirable from defendant's perspective for defense counsel to move for a directed verdict after the prosecution's case-in-chief, and even if we assumed for the sake of argument that failure to do so was deficient, defendant has not met his burden to prove that, but for trial counsel's deficient representation, "there is a reasonable probability that the outcome of defendant's trial would have been different." *Solloway*, 316 Mich App at 188.

Defendant assumes that, had trial counsel moved for a directed verdict on the felon-in-possession charge after the close of the prosecution's case, it is reasonably probable that the court would have granted the motion. However, the trial court might also have reserved its ruling until after the close of all the evidence. MCR 6.419(B). Further, it is highly likely that the prosecution would have sought to correct its oversight by moving to reopen the proofs to present evidence of defendant's ineligibility to possess a firearm, and that the trial court would have granted its motion. See, e.g., *People v Keeth*, 193 Mich App 555, 560; 484 NW2d 761 (1992).[1]

"The reopening of proofs rests within the sound discretion of the trial court." *Id*. "The relevant factors are whether any undue advantage would be taken by the party moving to reopen the proofs and whether there is any showing of surprise or prejudice to the nonmoving party." *Id*. Here, the prosecution's failure to present evidence of defendant's ineligibility to possess a firearm was an oversight, and defendant was aware of his prior felony record and of the charges against him. Accordingly, neither undue advantage to the prosecution nor surprise or prejudice to defendant would have barred the trial court from exercising its discretion to reopen the proofs to allow the prosecution to correct its omission. In light of the foregoing, we conclude that defendant has not met his burden of establishing that, even if defense counsel had moved for a

---

[1] See also *People v Bryant*, unpublished opinion of the Court of Appeals, issued April 12, 2007 (Docket No. 265908), p 8, where the prosecution moved to reopen the proofs to present evidence of the defendant's ineligibility to possess a firearm. Unpublished opinions of this Court have no precedential effect, but may be considered persuasive. MCR 7.215(C)(1).

directed verdict after the prosecution closed its case, there is a reasonable probability that the outcome of the trial would have been different. *Solloway*, 316 Mich App at 188.

## II. INCONSISTENT VERDICTS

Next, defendant argues that the trial judge rendered inconsistent verdicts when he found defendant guilty of both AWIGBH and felonious assault. We disagree. Defendant failed to preserve this issue for appellate review by raising it in the trial court. *People v Metamora Water Serv Inc.*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Consequently, our review is limited to plain error affecting defendant's substantial rights. *People v Cameron*, 291 Mich App 599, 617; 806 NW2d 371 (2011). Generally, to show that error affected substantial rights, it must be proven "that the error affected the outcome of the lower court proceedings." *Id.* (citation omitted).

Although juries may render inconsistent or illogical verdicts, our Supreme Court has held that "a trial judge sitting as the trier of fact may *not* enter an inconsistent verdict." *People v Ellis*, 468 Mich 25, 26; 658 NW2d 142 (2003) (quotation marks and citation omitted). A verdict is inconsistent when it "cannot be rationally reconciled" with the factual findings. *Id.* at 27. If there is a factual inconsistency between the trial court's factual findings and its verdicts, reversal is required. See *People v Smith*, 231 Mich App 50, 53; 585 NW2d 755 (1998).

Defendant argues that where AWIGBH requires defendant to have acted with the intent to commit great bodily harm, felonious assault, "by statutory definition, occurs when a person commits an assault with a dangerous weapon but *without* the intent to do great bodily harm." Thus, defendant argues, "[t]he factual underpinnings for the two verdicts were inconsistent." Defendant errs by assuming that the absence of an element constitutes an element that the prosecutor must prove beyond a reasonable doubt in a criminal trial.

In *People v Doss*, 406 Mich 90, 96-99; 276 NW2d 9 (1979), our Supreme Court held that the absence of an element is not an additional element that the prosecution must prove beyond a reasonable doubt. The Court in *Doss* considered whether the absence of malice from the crime of manslaughter was, in fact, an essential element of manslaughter. *Id.* at 97. In other words, must a prosecutor prove that a defendant acted without malice in order to obtain a conviction for manslaughter? The court concluded that, "[w]hile the absence of malice is fundamental to manslaughter in a general definitional sense, it is not an actual element of the crime itself [that] the people must establish beyond a reasonable doubt." *Id.* at 99.

The same reasoning applies in the case at bar. The absence of intent to commit murder or to inflict great bodily harm less than murder is fundamental to felonious assault "in a general definitional sense," but it is not an actual element of the crime itself. *Id.* The elements of felonious assault are "(1) an assault, (2) with a dangerous weapon, and (3) the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013). The elements of AWIGBH are "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014) (quotation marks and citation omitted). Felonious assault requires the use of a dangerous weapon, but not the intent to do great bodily harm; AWIGBH does not require the use of a

dangerous weapon, but it does require the intent to do great bodily harm less than murder. The trial court found that defendant assaulted the victim with a dangerous weapon, and thus that he was guilty of felonious assault. The trial court further found that defendant assaulted the victim intending to do him great bodily harm less than murder, and so found him guilty of AWIGBH. The trial court's verdicts may be reconciled with its factual findings, it did not render inconsistent verdicts. *Ellis*, 468 Mich at 27. Accordingly, defendant has failed to demonstrate a plain error affecting his substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

## III. DOUBLE JEOPARDY

Finally, defendant argues that his AWIGBH and felonious assault convictions violate double jeopardy principles. Again, we disagree. Defendant failed to preserve this issue for appellate review by raising it in the trial court. See *People v Strickland*, 293 Mich App 393, 401; 810 NW2d 660 (2011). Consequently, our review is limited to plain error affecting defendant's substantial rights. *Id*. at 401. Generally, to show that error affected substantial rights, it must be proven "that the error affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich at 763.

Both the United States and Michigan Constitutions prohibit placing a defendant twice in jeopardy for a single offense. US Const, Am V; Const 1963, art 1, § 15; *Blueford v Arkansas*, 566 US 599; 132 S Ct 2044, 2050; 182 L Ed 2d 937 (2012); *People v Ream*, 481 Mich 223, 227; 750 NW2d 536 (2008). "The Double Jeopardy Clause affords individuals three related protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense." *People v Smith*, 478 Mich 292, 299; 733 NW2d 351 (2007) (quotation marks and citation omitted). At issue in this case is the third element: whether defendant's AWIGBH and felonious assault convictions violate defendant's protection against multiple punishments for the same offense.

"The validity of multiple punishments under the double jeopardy provisions of the United States and Michigan Constitutions is generally determined under the 'same-elements test,' which requires the reviewing court to determine ' "whether each provision requires proof of a fact which the other does not." ' " *Strickland*, 293 Mich App at 401, quoting *Smith*, 478 Mich at 305, 315-316, quoting *Blockburger v United States*, 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932). "Michigan's Supreme Court has determined that conviction of both [AWIGBH] and felonious assault does not violate the constitutional double jeopardy protections because the two crimes have different elements." *Strickland*, 293 Mich App at 401-402, citing *People v Strawther* (Mem), 480 Mich 900; 739 NW2d 82 (2007).[2] "This Court is bound to follow the

---

[2] Defendant acknowledges that the prevailing law in Michigan directly conflicts with his argument; nevertheless, he urges this Court to "express reservations about following" that jurisprudence. Defendant bases his request on his contention that our Supreme Court has never examined the issue of intent as it relates to felonious assault, which specifically requires a defendant to have acted without the intent to murder or to do great bodily harm less than murder.

decisions of our Supreme Court." *Strickland*, 293 Mich App at 402. Accordingly, defendant has failed to show plain error affecting his substantial rights.

## III. CONCLUSION

We conclude that defendant has not met his burden to establish that, but for trial counsel's failure to move for a directed verdict after the prosecution's case, there is a reasonable probability that the outcome of the trial would have been different. Nor has he demonstrated error in the trial court's finding him guilty of both felonious assault and AWIGBH, or that such convictions violated his double jeopardy protections.

Affirmed.

/s/ Michael J. Kelly
/s/ Jane M. Beckering

---

As indicated above, however, this absence of intent to murder, or to do great bodily harm less than murder, is not an element in the crime of felonious assault. As also indicated above, the crimes of felonious assault and AWIGBH have different elements and therefore meet the *Blockburger* test. Accordingly, convictions for both do not violate a defendant's double jeopardy protections.