TAYLOR *v.* S. S. KRESGE COMPANY.

1. PLEADING—AMENDMENTS.
   Amendments made to bill of complaint in suit to cancel or reform a lease of real estate *held,* not of such a character as to materially change situation, even if entitled to consideration by trial court, where they appear to have been filed without leave of court.

2. APPEAL AND ERROR—DISMISSAL OF BILL—QUESTIONS REVIEWABLE.
   Whether or not trial court's order dismissing bill to cancel or reform a lease was based solely on ground mentioned in the order that plaintiff's averments were not sufficient to state a valid cause of action in equity or was based, in part at least, on laches, is not of controlling importance on review by Supreme Court, where the appeal and cross appeal present the issue of laches and the other issues.

REFERENCES FOR POINTS IN HEADNOTES
[4] 24 Am Jur, Fraud and Deceit § 244.
[6, 7] 19 Am Jur, Equity § 489 *et seq.*
[8] 17 Am Jur, Discovery and Inspection § 41.
[9] 3 Am Jur, Appeal and Error § 823.

3. Cancellation of Instruments—Pleading—Breach of Fiduciary Relation—Fraud.

Allegations of bill of complaint in suit to cancel or reform a lease *held,* because of failure to indicate specifically the nature of the defendant's undertaking in plaintiff's behalf and the fact that such undertaking related to an adjacent parcel of property, to have failed to establish a fiduciary relation, the breach of which was claimed to be either actual or constructive fraud.

4. Fraud—Equity—Pleading.

The mere allegation or claim of fraud is not sufficient to establish a cause of action based thereon, it being necessary to have averments of facts from which such inference may fairly and reasonably be drawn, else bill of complaint based upon fraud would be subject to dismissal on motion before hearing on merits.

5. Same—Pleading—Violation of Duty—Inadequacy of Consideration.

Allegations of fraud in bill to cancel or reform a lease because of alleged violation of a duty to disclose and alleged inadequacy of consideration *held,* not to justify claim in either respect.

6. Equity—Laches—Excuse.

Plaintiff who waited 20 years after ratifying lease he now seeks to reform or cancel and over 4 years after learning of facts that should have put him on notice with reference to matters of which he now complains, before bringing suit, was guilty of laches, where the delay was not excused by facts pleaded in the amended bill and where he did not seek information from his colessors or sources other than defendant (CL 1948, § 609.-20).

7. Same—Laches—Statute of Limitations.

The doctrine of laches accomplishes in an equitable proceeding the same result as the statute of limitations in a proceeding at law, the statute of limitations being inapplicable in an equitable proceeding (CL 1948, § 609.20).

8. Discovery—Scope—Subpoena Duces Tecum.

Petition for discovery was properly denied where plaintiff sought to examine all correspondence, records and other data, pertaining not only to lease plaintiff sought to have cancelled or reformed, but also to the leases of property contiguous on both sides, since he was seeking access to records to which he was not entitled and failed to show such records as he might have been entitled to in the event of trial could not be obtained by *subpoena duces tecum.*

9. APPEAL AND ERROR—QUESTIONS REVIEWABLE—EQUITY—LACHES
—PARTIES.
    Dismissal of bill to cancel or reform a lease because bill failed
    to state a cause for equitable relief, to which reason for dis-
    missal is added plaintiff's laches, rendered it unnecessary to
    determine whether plaintiff was entitled to maintain his suit
    because of his failure to make his colessors parties to the suit.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted October 10, 1951. (Docket No. 70, Calendar No. 45,214.)   Decided January 7, 1952.

Bill by Henry S. Taylor against S. S. Kresge Company, a Michigan company, to cancel or reform a lease. Bill dismissed. Plaintiff appeals. Modified and affirmed.

*Foster, Cummins, Snyder, Cameron & Foster* (*Sorling, Catron & Hardin,* of counsel), for plaintiff.

*Kelley & Seelye,* for defendant.

CARR, J.   Plaintiff brought suit in equity seeking the cancellation, or reformation, of a lease on business property in the city of Lansing, and for incidental relief. On motion the case was dismissed in circuit court and plaintiff has appealed, contending that he is entitled to a trial of the matters pleaded by him and a determination on the merits in accordance with facts established by proofs.

The bill of complaint alleged that in 1911 the then owner of the property in question, Elizabeth H. Stryker, leased the property to defendant for a period of 10 years for an annual rental of $1,500. In 1918 a new lease was negotiated between the parties, fixing annual rental at $3,000 and the duration of the lease at 25 years from April 1, 1918. Mrs. Stryker died in 1919, leaving as her heirs at law as to said property her daughters, Louise S. Capps and

Elizabeth S. Hart, and 2 minor grandsons, namely, plaintiff and his brother, Robert C. Taylor, Jr. The father of said minors was appointed their guardian by the county court of Cass county, Illinois, but there was no guardianship proceeding of any kind within the State of Michigan.

Desiring to enlarge its building, defendant, in 1925, obtained a 55-year lease from the owners of property abutting the land here in question on the north, and a lease for a term of 50 years from a party claiming to own land adjoining on the south. After some negotiations a new lease covering the land described in the lease between Mrs. Stryker and defendant, executed in 1918, with the exception of a parcel 22 feet square, was drawn. It was signed by Mrs. Capps and by Mrs. Hart, and by the father of plaintiff, purporting to act as his guardian and the guardian of Robert C. Taylor, Jr. It provided for an annual rental of $7,500 for a period of 50 years from March 1, 1926.

On January 17, 1929, plaintiff became of age. Shortly thereafter his father forwarded to him and Robert C. Taylor, Jr., who had previously become of age, the draft of an agreement providing for ratification or adoption by them of the lease. The instrument was duly executed, and presumably was returned to defendant. The bill of complaint averred that the lease executed in 1926 was void as to plaintiff and his brother, and that their purported ratification was a nullity. It also alleged that at the time of such transaction plaintiff and his brother did not have a copy of the original lease, had only partial knowledge of its provisions, and were not familiar with the rental value of properties in Lansing. It asserted that the rental fixed, $7,500 per annum, was materially less than the rental paid by defendant for the use of adjoining property, and that it was so grossly inadequate as to evidence fraud.

On November 16, 1944, Robert C. Taylor, Jr., died, leaving plaintiff as his only heir at law. The bill of complaint set forth that during his investigation of the value of property belonging to his brother he discovered for the first time that the 1926 lease was unfair and inequitable. In the prayer for relief he asked that the lease be cancelled as to the ⅓ interest owned by him in the premises, or, in the alternative, that the lease be modified so as to provide a reasonable rental covering plaintiff's interest from the time of the execution of the lease.

Plaintiff also filed a petition for discovery, referring to the suit for cancellation or reformation and setting forth his claim to the right sought as follows:

"That certain books, papers and documents relating to the merits of such action and of material importance in evaluating the same and the rights of the parties are in the possession and control of the defendant S. S. Kresge Company, discovery of which is required by petitioner in order to enable him to plead and properly declare his cause of action herein; and that the nature of such documents, insofar as petitioner is able to describe them from information available to him is correspondence, memoranda, files, records, data and information pertaining to negotiations and execution of the lease of said property, pertaining to the negotiations and execution of lease upon property adjoining on the north, from Nora Smith, Sue Deane and Clara L. Bradford, dated on or about April 2, 1925, and the lease upon property adjoining on the south from Robert T. Merrifield, dated on or about November 11, 1925."

The petition was supported by plaintiff's affidavit as to the situation indicated by the statement above quoted. It was formally denied by an order of the court filed May 1, 1951.

The suit was instituted October 21, 1949. Under date of November 10th following, defendant moved

to dismiss, claiming as the bases therefor that the averments of the bill of complaint were insufficient to show fraud, that there was no fiduciary relation between the parties, that the facts well pleaded did not establish plaintiff's right to the relief sought, that plaintiff was guilty of laches, and that the averments of the bill of complaint did not excuse the delay in asserting the alleged cause of action. By order filed June 6, 1950, the motion was granted on the ground of laches. The trial court in his opinion did not discuss the other matters raised by the motion to dismiss, nor did the order make reference thereto. On June 23, 1950, plaintiff moved to set aside the order dismissing the bill of complaint, referring in said motion to an application for leave to file an amendment to the bill of complaint, and setting forth that the allegations of such proposed amendment affected "the grounds upon which said order was entered." In form, the amendment added to the averments of paragraph 13 of the bill of complaint as originally filed. It referred in some detail to plaintiff's efforts to obtain information, including correspondence from defendant relating to the details of arrangements made with plaintiff's father concerning the lease in question and the 22-foot parcel of which plaintiff claimed to be part owner, and also information bearing on negotiations between defendant and the lessors under the other leases referred to in the bill.

It was further averred in the amendment that, in connection with a dispute between the heirs of Elizabeth H. Stryker and one Merrifield involving the ownership of said 22-foot parcel, defendant undertook to represent said heirs. Based on the claimed undertaking, the amendment asserted in effect the existence of such a relation between plaintiff and the defendant as placed a burden on the latter to disclose to plaintiff all information in its possession with

reference to the lease here in question and the other leases, above referred to, covering contiguous property. After considering the amendment proffered, the trial court on January 11, 1951, filed an opinion that the averments of the bill of complaint, as amended, were not sufficient to establish any fiduciary obligation on the part of defendant requiring it to disclose to plaintiff information with reference to the matters specifically referred to by plaintiff in his pleading, and that the facts claimed did not establish a cause of action based on fraud. In accordance with the opinion, an order was entered January 20, 1951, dismissing the case on the basis of the following recital:

"The plaintiff having filed his motion to set aside the order heretofore entered dismissing the bill of complaint therein and his further motion for leave to file an amendment to his bill of complaint, and said amendment having been permitted; and the defendant having renewed its motion to dismiss said cause or in the alternative to strike, and the defendant's said motion to dismiss having been reconsidered and the court having heard the oral arguments and considered the written briefs submitted in behalf of the respective parties, from all of which it appears that plaintiff has failed, by his amended bill of complaint, to state a valid cause of action in equity."

On January 19, 1951, plaintiff filed amendments to different paragraphs of the bill of complaint, apparently seeking to strengthen the averments originally made by emphasizing the claim as to the alleged fiduciary obligation owing by defendant. Whether these proposed amendments were called to the attention of the trial court does not appear. The record does not indicate that a motion for leave to file was made, or that there was any order of the court with reference to them. It will be noted

that the order for dismissal, entered January 20, 1951, and quoted above in part, referred to "an amendment." It is a fair inference that the reference was to the amendment mentioned in the opinion of the court on which the order was based. It may well be doubted if the other proposed amendments filed were entitled to consideration by the trial judge. In any event, the matters alleged therein were not of such a character as to materially change the situation.

On appeal plaintiff asserts that the trial court was in error in his construction of the allegations of the bill of complaint. Defendant has taken a cross appeal, apparently on the ground that the final order of dismissal entered was based, in terms, on plaintiff's failure to state a cause of action entitling him to equitable relief, without mentioning the other grounds for dismissal alleged in defendant's motion. Defendant claims, among other matters, that plaintiff was guilty of laches and that he is estopped to have the relief sought. Whether the order of the trial court was based, in part at least, on laches, as the opinion filed would indicate, or wholly on the specific ground mentioned therein, is not of controlling importance. This is a proceeding in equity, and we review it accordingly. Under the appeal and the cross appeal the question of laches and the other issues involved in the case are before us.

On behalf of plaintiff it is insisted that the bill of complaint sufficiently averred a cause of action based on fraud, actual or constructive. The claim rests on the theory that the allegations of fact in his pleading were sufficient to show a duty on the part of defendant to advise plaintiff as to all matters in any way connected with or related to the subject matter of this suit, that the failure to perform such duty constituted fraud, and that the relief sought should be granted on that basis. In the final analysis

such duty, if it exists or has existed, must rest on a fiduciary relationship. The averments in the bill of complaint, as amended, relating to the undertaking of the defendant with reference to the 22-foot parcel, above mentioned, were general in terms and failed to indicate specifically what defendant undertook to do in plaintiff's behalf. However, if it be assumed that defendant was bound at the time to inform plaintiff with reference to such transaction, it may not be assumed or inferred that the duty extended to and included all matters touching or concerning the property involved in the case at bar. The dispute with reference to the 22-foot parcel apparently had reference to the matter of ownership, rather than of rental value. It is not made to appear that the provisions of any lease held by defendant were involved in the controversy. Our examination of the bill of complaint, as amended, brings us to the conclusion that the trial court was correct in determining that the allegations therein were insufficient to establish a fiduciary relation and fraud, either actual or constructive.

The claim of plaintiff that the inadequacy of consideration for the lease was such as to indicate fraud is not well founded. Such assertion rests on the alleged disparity between the amount of rental reserved in said lease and that reserved in the leases of contiguous property. There is no showing as to the reasons or necessities that impelled defendant to enter into the latter leases. Neither is there any showing that the rentals reserved therein were in accord with ordinary rental values of similarly located property in the city of Lansing at the time of execution. It must be borne in mind also that the property involved in the present suit had been leased in 1918 for a period of 25 years, at an annual rental of $3,000. In 1926 said lease had a period of approximately 17 years to run, during which defend-

ant was unquestionably entitled to retain possession on the payment of the rental reserved. The lease that plaintiff seeks to void, or have reformed, calls for $7,500 annual payment. There is no showing that any such situation existed with reference to the other property leased by defendant. The mere allegation or claim of fraud is not sufficient to establish a cause of action based thereon. There must be averments of facts from which such an inference may fairly and reasonably be drawn. Defendant is not charged with having made false representations. The claim of fraud rests wholly on the basis of a violation of a duty to disclose, and on alleged inadequacy of consideration. The allegations of the bill of complaint, fairly and reasonably construed, do not justify the claim in either respect.

Assuming the sufficiency of the allegations in plaintiff's pleading, as amended, the question arises as to whether such laches is shown thereby as precludes the granting of relief. Plaintiff claims that when he executed the instrument, in 1929, in terms ratifying or adopting the lease, he made no investigation whatsoever, or sought to obtain information, with reference to the fairness of its provisions. Presumably he received his due proportion of the rentals, and, insofar as the record here discloses, he did not discuss the matter with his father or with his aunts. There is no claim that he could not have obtained the information, that he now asserts he did not have, from sources other than the defendant. In 1945, after his brother's death, he says that for the first time he learned of matters that caused him to conclude that the lease was, as to him, unfair and fraudulent. At that time he contacted the defendant, but apparently without obtaining any information tending to support his present theory.

As before stated, this suit was instituted in October, 1949. Plaintiff seeks to excuse his delay on the

ground that defendant fraudulently concealed the facts on which the alleged cause of action is based. This claim, set forth in the amendment to the bill of complaint, rests on the theory of a fiduciary duty owing by defendant to plaintiff, and a breach of that duty. Complaint is made because of the refusal or failure of defendant to turn over to plaintiff the correspondence and other records that he requested. For the reasons before indicated, plaintiff failed to establish the existence of the duty claimed by him. Had this action been brought on the law side of the court, the statute of limitations,* if invoked, would have barred recovery. CL 1948, § 609.20 (Stat Ann § 27.612) provides:

"If any person who is liable to any of the actions mentioned in this chapter, shall fraudulently conceal the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 2 years after the person who is entitled to bring the same shall discover that he had such cause of action, although such action would be otherwise barred by the provisions of this chapter.".

This section does not aid plaintiff because he waited over 4 years, after learning of facts that should have put him on notice with reference to the matters of which he now complains, before bringing suit. It does not appear that during said period he sought information from his colessors, his aunts, or from any source other than the defendant. His failure to do so is not explained.

While the statute of limitations is not applicable to equitable actions, nevertheless if it would bar recovery in a proceeding at law, the doctrine of laches accomplishes the same result in an equitable proceeding. See *Monger* v. *Monger*, 327 Mich 306, 313,

---

* See CL 1948, § 609.13 *et seq.* (Stat Ann and Stat Ann 1949 Cum Supp § 27.605 *et seq.*).

and prior decisions there cited. Of like import is *Seguin.* v. *Madison,* 328 Mich 600. The inference of laches arising from the lapse of time between the accrual of plaintiff's right of action, if he had such, and the bringing of suit is not overcome or the delay excused on the basis of the facts pleaded in the amended bill.

Plaintiff's petition for discovery, hereinbefore quoted in part, was properly denied. Reference thereto indicates that plaintiff was seeking from defendant the right to examine all correspondence, records and other data, pertaining not only to the lease in question but also to the leases of the property contiguous on both sides. It was asserted as the reason for the petition that the action sought was necessary to enable plaintiff to plead his cause of action. However, his bill of complaint had been filed some time before. There is no satisfactory showing that such records as plaintiff might be entitled to in the event of trial could not be obtained by *subpoena duces tecum. Gemsa* v. *Dorner,* 256 Mich 195. The scope of the order sought indicates rather clearly that plaintiff was seeking access to records to which he was not entitled, and that he desired to examine defendant's records for the purpose of determining to what extent, if at all, he would be benefited thereby. The trial judge did not abuse his discretion in denying the petition.

The conclusions reached with reference to the matters above discussed render it unnecessary to consider other questions in the case, including defendant's claim that plaintiff is not entitled to maintain his action because of the failure to make his colessors parties to the suit. The order of the trial court dismissing the case was correct other than in the omission of an express statement therein that it was based on laches, as well as on the failure of

plaintiff to allege in his bill of complaint a case for the equitable relief sought.

An order will enter in this Court affirming the order from which plaintiff has appealed, with the modification indicated. Defendant may have costs.

North, C. J., and Dethmers, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred. Butzel, J., did not sit.