ATTORNEY GENERAL v HARKINS

Docket Nos. 227720, 232934. Submitted January 15, 2003, at Detroit.
Decided July 17, 2003, at 9:00 A.M. Leave to appeal sought.

The Attorney General and the Department of Environmental Quality
brought an action against Donald L. Harkins in the Oakland Circuit
Court, seeking an injunction forcing the defendant to restore wet-
lands he allegedly altered while performing fill work on his prop-
erty in 1988 pursuant to a permit issued by the Department of Nat-
ural Resources under Part 303 of the Natural Resources and Envi-
ronmental Protection Act (NREPA), MCL 324.30301 *et seq.* The
defendant moved for summary disposition, which the trial court
granted because the plaintiffs filed an untimely brief in response to
the defendant's motion. The plaintiffs appealed. On appeal, the
Court of Appeals, GRIFFIN, P.J., GRIBBS and TALBOT, JJ., reversed the
trial court and reinstated the plaintiffs' action, *Attorney General v
Harkins*, unpublished opinion per curiam of the Court of Appeals,
issued July 7, 1998. On a subsequent motion for summary disposi-
tion, the defendant argued that the plaintiffs' action, which was
filed on March 28, 1996, was barred by the six-year period of limita-
tions contained in MCL 600.5813. The trial court, David F. Breck, J.,
granted the defendant's motion and dismissed the plaintiffs' claim,
concluding that it was filed beyond the six-year period of limita-
tions. The defendant thereafter requested attorney fees and costs
under MCR 2.114 and MCR 2.625 on the basis that the plaintiffs'
claims were frivolous. The trial court denied the defendant's
motion, concluding that the plaintiffs' claim had not been frivolous.
In Docket No. 227720, the plaintiffs appealed the grant of summary
disposition in favor of the defendant. In Docket No. 232934, the
defendant appealed the trial court's denial of his motion for attor-
ney fees and costs. The appeals were consolidated.

The Court of Appeals *held*:

1. MCL 600.5813 provides the applicable period of limitations for
"all other personal actions . . . unless a different period is stated in
the statutes." It is undisputed that there is no applicable statute of
limitations set forth in the NREPA. The plaintiffs' action against the
defendant for violating conditions of his permit and portions of the
NREPA, and seeking to force the defendant to restore the wetland,

comes within the meaning of a "personal action" as defined in § 5813, because it seeks to repair some loss. Moreover, actions brought by the Attorney General on behalf of government departments are deemed personal actions. The plaintiffs' reliance on past Supreme Court precedent for the proposition that statutes of limitations do not apply to equitable actions such as the plaintiffs' is moot in light of the Legislature's express statement to the contrary in MCL 600.5815. Thus, the six-year period of limitations set forth in § 5813 applies to actions brought under the NREPA.

2. A claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results. MCL 600.5827. Here, the defendant completed his work on the property in 1988, and the plaintiffs filed their action in March 1996. More than six years passed between the time the purported violation occurred in 1988 and the time the claim was filed in March 1996. The plaintiffs' argument that the limitations period was tolled under the continuing wrongful act doctrine fails because a continuing wrong is established by continual tortious acts, not by the continuing harmful effects of an original, completed act. Once the defendant developed the property in 1988, his alleged wrongful conduct ceased, and what remained were the effects of the original act, which form the basis of the plaintiffs' present suit. The plaintiffs' argument that additional dredging by the defendant in 1991 tolled the period of limitations until 1997 is without merit, because the defendant performed the additional dredging pursuant to a cease and desist order issued by the department. The defendant's attempt to comply with the cease and desist order does not equate to a wrongful tortious act within the meaning of the continuing violation doctrine. The fact that the plaintiffs were involved in related litigation with the defendant and attempted a criminal prosecution regarding the permit violations does not excuse the plaintiffs' failure to file a timely civil action. The trial court did not err in granting the defendant's motion for summary disposition.

3. The trial court did not err in denying the defendant's motion for attorney fees and costs under MCR 2.114 and MCR 2.625. This is the first time that § 5813 has been applied to a case arising under the NREPA, and the plaintiffs' tolling arguments were not so lacking in legal merit as to be frivolous. Where, as here, there is no developed case law mandating a particular result, sanctions are not warranted.

Affirmed.

LIMITATION OF ACTIONS — NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION ACT.

The six-year period of limitations governing all other personal actions applies to civil actions brought under the Natural Resources and Environmental Protection Act, MCL 324.30301 *et seq.* (MCL 600.5813).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Elaine D. Fischhoff*, for the plaintiffs.

*William J. Reisdorf* for the defendant.

Before: ZAHRA, P.J., and MURRAY and FORT HOOD, JJ.

ZAHRA, P.J. In Docket No. 227720, plaintiffs, the Michigan Attorney General and the Michigan Department of Environmental Quality (collectively referred to as plaintiff), appeal as of right from an order granting summary disposition to defendant, Donald J. Harkins, which dismissed plaintiff's equitable action to restore wetlands that were altered in violation of a permit issued under Part 303 (Wetland Protection) of the Natural Resources and Environmental Protection Act (NREPA), MCL 324.30301 *et seq.* In Docket No. 232934, defendant appeals as of right from the trial court's order denying his request for attorney fees and costs for defending against plaintiff's allegedly frivolous action. These cases were consolidated for purposes of appeal. We conclude that plaintiff's action is barred by the six-year statute of limitations found in MCL 600.5813.[1] We further conclude that the trial

---

[1] Defendant also raises various issues regarding the constitutionality of the NREPA, which were never addressed by the trial court. We decline to consider defendant's constitutional claims "because this Court's review is limited to the record developed by the trial court . . . ." *Harkins v Dep't of Natural Resources*, 206 Mich App 317, 323; 520 NW2d 653 (1994). In any

court did not clearly err in finding that plaintiff's action was not frivolous. We affirm.

I. FACTS AND PROCEDURE

In 1987, defendant applied for a permit to fill certain portions of his lakefront lot, which measured approximately one-tenth of an acre, for the creation of a beachfront. Plaintiff denied defendant's original permit application, and defendant appealed that decision. While his appeal was pending, defendant accepted plaintiff's offer for a more limited permit, which was issued on March 15, 1988 (the modified permit). Defendant asserts that he completed his work on the property in 1988. On May 9, 1990, a hearing referee affirmed plaintiff's denial of defendant's original permit application. That decision was affirmed by this Court in *Harkins v Dep't of Natural Resources*, 206 Mich App 317; 520 NW2d 653 (1994), which noted that a modified permit had been issued and concluded that no compensable "taking" had occurred. The Supreme Court denied leave to appeal.

On August 28, 1990, plaintiff investigated a report that defendant had developed his property in violation of the modified permit. Defendant met with John Jurcich of the Department of Natural Resources, who concluded in his report that the work appeared to be within the guidelines of the modified permit. Despite Jurich's conclusion, on August 8, 1991, plaintiff issued a cease and desist order against defendant, alleging that defendant's work on his property did not conform with what was authorized by the modified per-

event, we need not resolve the constitutional claims because we find merit to defendant's statute of limitations argument.

mit. The order prompted a criminal prosecution against defendant under the provisions of the former Wetland Protection Act, MCL 28.714, and the Inland Lakes and Streams Act, MCL 28.1951 *et seq.* On April 4, 1992, a district judge dismissed the criminal action. Plaintiff did not appeal this dismissal.

On March 28, 1996, plaintiff filed this action seeking an injunction requiring defendant to restore the wetlands and lake bottom and alleging that defendant filled or dredged the wetlands in violation of the modified permit. Plaintiff also requested civil fines. Defendant eventually moved for summary disposition.[2] On April 12, 2000, the trial court issued an opinion and order granting defendant summary disposition of plaintiff's action under MCR 2.116(C)(10) (no genuine issue of material fact) and MCR 2.116(C)(7) (statute of limitations), and dismissing plaintiff's complaint. Defendant subsequently filed a motion for attorney fees and costs, claiming that plaintiff's action was vexatious, lacked a factual basis, and was filed with the intent to harass. Following a hearing on October 26, 2000, the trial court denied defendant's motion.

II. ANALYSIS

A. DOCKET NO. 227720: STATUTE OF LIMITATIONS

The trial court held that the six-year period of limitations set forth in MCL 600.5813 barred plaintiff's

---

[2] The trial court previously granted defendant summary disposition on January 15, 1997, on the ground that plaintiff filed an untimely brief in opposition to defendant's motion for summary disposition. This Court reversed the dismissal as "too harsh a remedy" and reinstated plaintiff's action in *Attorney General v Harkins*, unpublished opinion per curiam of the Court of Appeals, issued July 7, 1998 (Docket No. 202323).

injunctive action to enforce the permit and restore the wetlands in question. Specifically, the trial court observed that defendant's alteration of the wetlands was completed in 1988. This action was commenced eight years after the wetlands were altered. The trial court concluded that plaintiff's equitable action was therefore barred by the six-year period of limitations. MCL 600.5813.

The applicability of a statute of limitations is a question of law that we review de novo. *Ins Comm'r v Aageson Thibo Agency*, 226 Mich App 336, 340-341; 573 NW2d 637 (1997). Statutes of limitations are procedural devices intended to promote judicial economy and protect the rights of defendants by precluding litigation of stale claims. *Stephens v Dixon*, 449 Mich 531, 534; 536 NW2d 755 (1995). Michigan courts have not addressed whether § 5813 applies to equitable actions brought under the NREPA.

Defendant argues on appeal that the six-year limitations period contained in § 5813 bars plaintiff's claim. Judicial interpretation of a statute requires that effect be given to the plain meaning of the words used by the Legislature in the statute under review. *Federated Publications, Inc v City of Lansing*, 467 Mich 98, 107; 649 NW2d 383 (2002). If the language of the statute is clear, then the statute will be enforced as written. *Id.* "Unless otherwise defined in the statute, or understood to have a technical or peculiar meaning in the law, every word or phrase of a statute will be given its plain and ordinary meaning." *Id.*

Section 5813 provides, "[a]ll other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a differ-

ent period is stated in the statutes."[3] Black's Law Dictionary (6th ed) defines "personal action" as follows: "In civil law, an action *in personam* seeks to enforce an obligation imposed on the defendant by his contract or delict; that is, it is the contention that he is bound to transfer some dominion or to perform some service or to repair some loss." See also 1 Am Jur 2d, Actions, § 32, p 744 ("Personal actions are those brought for the recovery of personal property, for the enforcement of a contract or to recover for its breach, or for the recovery of damages for an injury to the person or property.")

Here, plaintiff brought a civil action against defendant, an individual who allegedly failed to comply with portions of Part 303 of the NREPA. Plaintiff's injunctive action to require defendant to restore the wetland comes within the meaning of a "personal action" as defined in § 5813, because it seeks to "repair some loss." Actions brought by the Attorney General on behalf of government departments are deemed personal actions. See *Great Lakes Gas Transmission Co v State Treasurer*, 140 Mich App 635, 650; 364 NW2d 773 (1985).

Further, as both parties acknowledge, there is no applicable statute of limitations set forth in the NREPA. While MCL 324.30316 provides for the commencement of a civil action by the Attorney General to seek "appropriate relief, including injunctive relief" for permit violations, it does not state a period of limitations for bringing such actions. The Revised Judicature Act specifies that § 5813 is the general statute of limita-

---

[3] Section 5813 applies "equally to all actions whether equitable or legal relief is sought." MCL 600.5815.

tions applying to "[a]ll other personal actions . . . unless a different period is stated in the statutes." This Court has held that "a civil cause of action arising from a statutory violation is subject to the six-year limitation period found in § 5813, if the statute itself does not provide a limitation period." *DiPonio Constr Co v Rosati Masonry Co, Inc*, 246 Mich App 43, 56; 631 NW2d 59 (2001). There being no period of limitations expressly applicable to actions brought under the NREPA, the general limitation provisions of § 5813 apply.[4]

Plaintiff, citing *Taylor v SS Kresge Co*, 332 Mich 65, 75; 50 NW2d 851 (1952), argues that statutes of limitations are not applicable to equitable actions such as the claim asserted by plaintiff in this case. *Taylor* does indeed hold that statutes of limitations do not apply to equitable actions. However, after the Supreme Court's decision in *Taylor*, the Legislature enacted MCL 600.5815, which provides that "[t]he prescribed period of limitations shall apply equally to all actions whether equitable or legal relief is sought . . . ." Thus, the Legislature's express statement that statutes of limitations apply to equitable actions

---

[4] To the extent that *Preserve the Dunes, Inc v Dep't of Environmental Quality*, 253 Mich App 263, 303-304; 655 NW2d 263 (2002), lv gtd 468 Mich 869 (2003), holds that an agency's authority to issue a permit is not limited by any statute of limitations because no time limitation specifically applies to actions under the Michigan Environmental Protection Act, MCL 324.1701 *et seq.*, or the Sand Dune Mining Act, MCL 324.63702, Part 637 of the NREPA, we find this holding factually distinguishable from the case at hand. *Preserve the Dunes, Inc, supra*, contemplates whether a statute of limitations exists regarding an agency's authority to issue a permit. By contrast, the present case deals with the Attorney General's ability to commence a civil action against a "person who willfully or recklessly violates a condition or limitation in a permit issued" by a department. MCL 324.30316(3).

essentially rendered moot that portion of the Supreme Court's decision in *Taylor.*

Having determined that the six-year period of limitations applies to this cause of action, we must next determine when the claim accrued. The accrual provision in MCL 600.5827 provides that "the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." Here, plaintiff granted defendant the modified permit on March 15, 1988. Defendant completed his work on the property in 1988. Plaintiff filed the instant action on March 28, 1996. Plaintiff alleges that defendant violated the modified permit issued to him on March 15, 1988. Consequently, more than six years passed between the time the purported violation occurred in 1988 and the time the claim was filed on March 28, 1996.

We find unpersuasive plaintiff's claim that the limitations period was tolled by defendant's continuing wrongful acts. "The continuing-wrongful-acts doctrine states that '[w]here a defendant's wrongful acts are of a continuing nature, the period of limitation will not run until the wrong is abated; therefore, a separate cause of action can accrue each day that defendant's tortious conduct continues.' " *Jackson Co Hog Producers v Consumers Power Co*, 234 Mich App 72, 81; 592 NW2d 112 (1999), quoting *Horvath v Delida*, 213 Mich App 620, 626; 540 NW2d 760 (1995). However, "a continuing wrong is established by continual tortious *acts*, not by continual harmful effects from an original, completed act." *Horvath, supra* at 627 (emphasis in original). Defendant is alleged to have committed a wrongful act in 1988, when he developed his property in a way that plaintiff now claims violated the modi-

fied permit. Once defendant developed the property in question, his alleged wrongful conduct ceased. The effects of the work defendant performed on the property in 1988 are the basis of this 1996 suit. These effects resulted from a noncontinuous act, the property development, which occurred in 1988. Consequently, we conclude that defendant's actions simply do not fall within the ambit of the continuing wrongful acts doctrine and plaintiff's reliance on this doctrine is misplaced.

Plaintiff further contends that defendant performed additional dredging in 1991 while attempting to comply with the cease and desist order issued by plaintiff on August 8, 1991. Plaintiff alleges that the dredging in 1991 was a "continuing wrongful act" that tolled the statute of limitations until 1997. We disagree.

Defendant was granted a permit to construct a ten-foot wide pathway. Defendant stated in his affidavit that in 1989 or 1990, the pathway that he constructed pursuant to the modified permit eroded and may have "spread as much as two feet on either side." In August 1991, defendant received a cease and desist order to remove the path in "excess of 10' wide" by September 8, 1991, or corrective action would be ordered. Defendant then admittedly dredged a four-foot strip and removed the excess sand from the pathway and allowed the wetland reeds to grow back in the eroded area. Additionally, pursuant to the modified permit, defendant installed sod over the sand on the pathway in order to prevent further erosion.

Defendant's actions in 1991 conformed to the cease and desist order. Were we to adopt plaintiff's argument, we would place defendant in the very peculiar position of having an otherwise time-barred claim

revived solely because of defendant's efforts to comply with a cease and desist order issued by plaintiff. The action taken in 1991 by defendant can hardly be termed a "wrongful tortious act," but rather an attempt to comply with an order issued by plaintiff. Defendant was merely attempting to remedy an effect that occurred as a result of the installation of the pathway in 1988. Defendant's actions in this regard may result in two possible outcomes. If defendant's actions satisfied the cease and desist order, there would be no reason to pursue further proceedings of any type. Alternatively, if defendant did not comply with the order, plaintiff could have timely brought an action under the NREPA, or plaintiff could have pursued contempt proceedings for defendant's failure to comply with the order. Plaintiff may not, however, do nothing for five years and then pursue otherwise time-barred claims dating back to 1988. Therefore, we conclude that defendant's attempt to comply with the cease and desist order does not equate to a wrongful tortious act within the meaning of the continuing violation doctrine.

Plaintiff also contends that the statute of limitations should not bar its action because plaintiff did not sit idly by between 1988, when it issued the modified permit, and March 1996 when it filed the complaint in this action to restore the wetlands. Specifically, plaintiff claims that throughout that period defendant litigated plaintiff's denial of the original permit, and plaintiff attempted to enforce its modified permit and obtain restoration of the wetlands in a criminal action brought in the district court. However, plaintiff did not have to wait until the Supreme Court denied defendant's application for leave to appeal the

denial of the original permit before instituting a civil suit against defendant for violations of the modified permit. The fact that plaintiff filed a criminal action in the district court against defendant to enforce its permit underscores the fact that plaintiff could have timely filed a civil action against defendant for violating the modified permit. Plaintiff simply chose not to do so. There is no link between defendant's attempts to have plaintiff's denial of the original permit reversed and plaintiff's failure to prosecute the instant action in a timely fashion. Cf. *Gebhardt v O'Rourke*, 444 Mich 535, 554; 510 NW2d 900 (1994) (holding that "successful postconviction relief is not a prerequisite to the maintenance of a claim for legal malpractice arising out of negligent representation in a criminal matter").

### B. DOCKET NO. 232934: ATTORNEY FEES AND COSTS

Defendant appeals the denial of costs and attorney fees as sanctions for the pursuit of frivolous claims by plaintiff. We find no clear error in the trial court's determination that defendant was not entitled to attorney fees and costs under either MCR 2.114 or MCR 2.625. A trial court's finding that a claim or defense was frivolous will not be reversed on appeal unless it is clearly erroneous. *Kitchen v Kitchen*, 465 Mich 654, 661; 641 NW2d 245 (2002); *In re Costs & Attorney Fees*, 250 Mich App 89, 94; 645 NW2d 697 (2002). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake was made. *Kitchen, supra* at 661-662.

Every document of a party represented by an attorney must be signed by at least one attorney of record,

which constitutes a certification that: (1) the signor has read the document; (2) to the best of the signor's knowledge, information, and belief after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and (3) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. MCR 2.114(D). If a pleading is signed in violation of MCR 2.114(D), the party or attorney, or both, must be sanctioned. MCR 2.114(E). In addition, a party pleading a frivolous claim is subject to costs under MCR 2.625(A)(2). MCR 2.114(F). The frivolous claims provisions impose an affirmative duty on each attorney to conduct a reasonable inquiry into the factual and legal viability of a pleading before it is signed. *LaRose Market, Inc v Sylvan Ctr, Inc*, 209 Mich App 201, 210; 530 NW2d 505 (1995). The reasonableness of the inquiry is determined by an objective standard. *Id.* The focus is on the efforts taken to investigate a claim before filing suit, and a determination of reasonable inquiry depends on the facts and circumstances of the case. *Id.* The attorney's subjective good faith is irrelevant. *Lloyd v Avadenka*, 158 Mich App 623, 630; 405 NW2d 141 (1987). That the alleged facts are later discovered to be untrue does not invalidate a prior reasonable inquiry. *Lockhart v Lockhart*, 149 Mich App 10, 14-15; 385 NW2d 709 (1986).

We cannot conclude that the trial court clearly erred when it determined that plaintiff's legal position regarding the statute of limitations issue was meritorious. This is apparently the first time that the catch-all

six-year period of limitations for "all personal actions" found in § 5813 has been applied to a case arising under the NREPA. In addition, plaintiff's tolling arguments, although rejected by this Court and the trial court, were not so lacking in legal merit as to support a conclusion that plaintiff's action was frivolous. Sanctions are not required and should not be imposed merely because the legal argument advanced by a litigant is rejected by the court. Where, as here, there is no developed case law mandating a particular result, sanctions under MCR 2.114 and MCR 2.625 are not warranted.

### III. CONCLUSION

In sum, the trial court properly granted summary disposition on the ground that the six-year period of limitations in MCL 600.5813 barred plaintiff's action. Further, we find no clear error in the trial court's decision that defendant was not entitled to attorney fees and costs. We affirm the trial court's order granting defendant summary disposition and affirm the trial court's order denying defendant costs and attorney fees.

Affirmed.