*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

BILLIET FAMILY ASSETS LLC,

  Plaintiff-Counterdefendant/Cross-Appellant,

UNPUBLISHED
January 28, 2020

v

THOMAS WAYNE LEININGER,

  Defendant-Counterplaintiff/Cross-Appellee.

No. 343581
Macomb Circuit Court
LC No. 17-002205-CK

BILLIET FAMILY ASSETS LLC,

  Plaintiff-Counterdefendant/Appellant,

v

THOMAS WAYNE LEININGER,

  Defendant-Counterplaintiff/Appellee.

No. 345181
Macomb Circuit Court
LC No. 17-002205-CK

Before: METER, P.J., and FORT HOOD and REDFORD, JJ.

PER CURIAM.

In these consolidated appeals,[1] plaintiff, Billiet Family Assets, LLC, appeals as of right from an order that awarded sanctions against defendant's attorney in the amount of $5,100

---

[1] See *Billiet Family Assets LLC v Thomas Wayne Leininger*, unpublished order of the Court of Appeals, entered September 5, 2018 (Docket Nos. 343581 and 345181).

(Docket No. 345181), and plaintiff cross-appeals by leave granted from an order that initially awarded sanctions that were to be computed from the date after the deposition of defendant, Thomas Wayne Leininger, and that was subsequently clarified to compute sanctions from the date of the first document that was filed by the defense after the date of defendant's deposition (Docket No. 343581).[2] We affirm.

## I. PERTINENT FACTS

This case stems from legal efforts to collect an unpaid loan. Plaintiff was the assignee of a 2013 promissory note and filed a complaint seeking payment after defendant's default. In his defenses, defendant argued that the 2013 note was invalid. Defendant also filed a counterclaim alleging a violation of the Fair Debt Collections Practices Act, 15 USC 1692 *et seq*. However, at his deposition on October 19, 2017, defendant admitted to owing the money but stated his belief that, had the lender still been alive, he would have given defendant a discount. Plaintiff subsequently filed a motion for summary disposition seeking judgment on the complaint, a motion for summary disposition seeking dismissal of defendant's counterclaim, and a motion for assessment of sanctions pursuant to MCR 2.114 and MCL 600.2591. On January 12, 2018, defendant filed his own motion for summary disposition seeking dismissal of the complaint.

At the hearing on the various motions, the trial court granted plaintiff's two summary disposition motions and its motion for sanctions, and denied defendant's motion for summary disposition. When ruling on plaintiff's motion for the assessment of sanctions, the trial court cited MCL 600.2591 and stated, "ultimately the parties' legal position was devoid of legal merit, that became crystal clear at the time of . . . the defendant's deposition" and "at that point of the litigation . . . it couldn't have been any clearer that . . . any furthering of the cause of action was . . . going to be devoid of merit, and I'm going to impose sanctions from that point on, so after the deposition of [defendant]." The court's written order was issued on March 13, 2018.

After his motion for reconsideration was denied, defendant filed a claim of appeal with this Court (Docket No. 343581). He also filed a motion to clarify the March 13, 2018 order awarding sanctions. At the next hearing that was held on June 25, 2018, the trial court clarified its previous ruling by explaining that the sanctions were based on a court rule, not MCL 600.2591, and should be computed from the date of the first document filed by the defense after defendant's deposition:

> THE COURT: The fact is yes, [the deposition date] was the cutoff date. At that point is when sanctions were to attach. Now, the question is do sanctions attach immediately as far as every bit of work that your firm does or were they attached pursuant to the . . . statute or the court rule? According to the law that's been provided to me, the statute would not be applicable because the Court has already

---

[2] Defendant initially appealed as of right in Docket No. 343581 but the appeal was dismissed. *Billiet Family Assets LLC v Thomas Wayne Leininger,* unpublished order of the Court of Appeals, entered November 13, 2018 (Docket No. 343581).

deemed that it was not frivolous to file these . . . defenses or the counter-claims. In regard to the court rule, it seems to be, at least from what the defense has filed, is that that would attach upon the filing of some pleadings or documents from the . . . defense. So, . . . the Court's order, although it may have been clear that it is subsequent to that point in time, the question is when the first pleading was after that . . . threshold date when that first pleading. . . .

\* \* \*

[A]ccording to the . . . case law and according to the interplay between the statute as well as the court rule, the court rule being MCR 2.114(E) and (F), it's clear that . . . the sanctions have to attach after a pleading is filed. So, the minute that the pleading was filed by the . . . defense after that deposition date is when the sanctions would . . . attach. So, . . . the commencement date for the sanctions commences from January 12th [the date of the defense's first filing after defendant's deposition] rather than October 20th [the day after defendant's deposition].

At an August 3, 2018 evidentiary hearing, the trial court expressed incredulity that plaintiff had requested about $90,000 in fees for work performed by four attorneys on behalf of plaintiff since after defendant's deposition. The court stated that "reasonableness is the touchstone of sanctions," and then referenced MCR 2.114(E) before awarding sanctions in the amount of $5,100 against defendant's attorney only.

II. ANALYSIS

Plaintiff argues that the trial court incorrectly limited sanctions by ordering that they commence following the first-filed document subsequent to defendant's deposition because, under MCL 600.2591, once the court found that defendant's defenses and counterclaim were frivolous, it was required to award all reasonable costs actually incurred in connection with the civil action, rather than just a portion. This argument fails because the court ultimately relied on MCR 2.114(E) to impose sanctions. In fact, the court explicitly rejected using MCL 600.2591 as the basis for the sanctions award because that statute would have required a finding that defendant's pleadings were frivolous at the time of filing and, in this case, the trial court specifically found those pleadings had merit when filed but became devoid of merit after defendant's deposition.

As set forth in MCR 2.114(E),[3] a sanction must be imposed if the court finds that a document was signed in violation of MCR 2.114. Under MCR 2.114(D)(2), a signature of an

---

[3] MCR 2.114 was repealed, effective September 1, 2018. However, the language previously found in MCR 2.114(D) has been retained identically at MCR 1.109(E)(5), the language previously found in MCR 2.114(E) has been retained identically at MCR 1.109(E)(6), and the language previously found in MCR 2.114(F) has been retained identically at MCR 1.109(E)(7).

attorney or a party constitutes a certification that the document is well-grounded in fact and law. MCR 2.114(E) provides: "If a document is signed in violation of this rule, the court . . . shall impose . . . an appropriate sanction . . . ." Thus, the clear language of MCR 2.114(E) provides that, when determining whether a document was well-grounded in fact or law, the court should look to the time when the document was signed. In addition, MCR 2.114(E) grants the court the discretion to fashion an "appropriate sanction" that "may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees." The trial court may not assess punitive damages. As stated in *FMB–First Michigan Bank v Bailey*, 232 Mich App 711, 726; 591 NW2d 676 (1998):

> Therefore, MCR 2.114(E) does not restrict the sanction to expenses or costs incurred. Rather, it gives the trial court discretion to fashion another appropriate sanction. In contrast, MCL 600.2591; MSA 27A.2591, incorporated by reference in MCR 2.114(F), provides that the trial court "shall award to the prevailing party the costs and fees incurred," without giving the trial court discretion to fashion another appropriate sanction.

Therefore, a court may design an appropriate sanction under MCR 2.114(E) based on the circumstances of the case. In *BJ's & Sons Constr Co, Inc v Van Sickle*, 266 Mich App 400, 405 n 3, 408-409; 700 NW2d 432 (2005), this Court cited MCR 2.114(E) and affirmed sanctions for attorney fees and costs reduced by the reasonable amount it would have cost plaintiffs to appropriately resolve the issue.

In this case, the trial court had the discretion under MCR 2.114(E) to restrict the award of sanctions to a particular document. Given the court's ruling that the furthering of defendant's defenses and counterclaim became devoid of legal merit after defendant's deposition, defendant's motion for summary disposition that was filed after the deposition date was not well-grounded in fact and law. Under MCR 2.114(E), the trial court did not abuse its discretion when it ordered that sanctions should commence following the first document filed by the defense after defendant's deposition.

Plaintiff next argues that, since defendant had already appealed the March 13, 2018 final order, the trial court lacked subject-matter jurisdiction when, on June 25, 2018, it clarified the sanctions award from that final order. In making this argument, plaintiff concedes that the trial court had authority to "rule on requests for costs or attorney fees" under MCR 7.208(J). However, plaintiff points to an unpublished case, *Davis v Highland Park Bd of Ed*, unpublished opinion per curiam of the Court of Appeals, issued July 24, 2014 (Docket Nos. 315002, 316235, and 315511), wherein a plaintiff had argued that the trial court lacked jurisdiction to enter two judgments subsequent to a final order that had been appealed. There, this Court found that the subsequent judgments had not amended the substance of the final order or changed the attorney fees or costs awarded under the final order, and that the trial court had jurisdiction under MCR

---

Because MCR 2.114 was in effect at all relevant times in this case, this opinion will refer to MCR 2.114.

7.208(C) to make corrections of defects and had jurisdiction under MCR 7.208(F) and (I) regarding additional matters. Plaintiff admits that neither of the subsequent judgments in *Davis* modified the substance of a sanction award.

Assuming plaintiff means to argue that the June 25, 2018 clarification was a substantive change of the final order issued on March 13, 2018, plaintiff does not provide any legal authority to support that argument, other than its citation of *Davis*, which is not on point. Plaintiff fails to adequately explain or support its argument and, arguably, we need not consider this issue. *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) ("It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position") (quotation marks and citation omitted). However, plaintiff's argument also fails on its merits. MCR 7.208(C)(1) allows the trial court to correct any act in the trial court in connection with the appeal that was omitted or insufficiently done, except as otherwise provided by rule and until the record is filed in the Court of Appeals. In this case, the trial court acted under this court rule and merely corrected the date from which the sanctions were calculated. When making this correction, the trial court stated that its intent was to comport its final order with the language of MCR 2.114. Specifically, it stated: "[A]ccording to the . . . caselaw and according to the interplay between the statute as well as the court rule, the court rule being MCR 2.114(E) and (F), it's clear that . . . the sanctions have to attach after a pleading is filed. So, the minute that the pleading was filed by the . . . defense after that deposition date is when the sanctions would . . . attach. So, . . . the commencement date for the sanctions commences from January 12th rather than October 20th." This clarification was a correction only and did not change the substance of the final order. The trial court acted within its authority when it issued the June 25, 2018 clarification.

Next, plaintiff argues that the trial court abused its discretion in determining the amount of sanctions when it failed to conduct a complete sanctions analysis under the framework set forth in *Pirgu v United Servs Auto Ass'n*, 499 Mich 269; 884 NW2d 257 (2016). An award of attorney fees and costs is reviewed for an abuse of discretion. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008).

Under MCR 2.114(E), an appropriate sanction may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including "reasonable" attorney fees. See also *Vittiglio v Vittiglio*, 297 Mich App 391, 408; 824 NW2d 591, 600 (2012) ("An award of attorney fees as sanctions under MCR 2.114(E) must be 'reasonable.' "). The *Pirgu* framework is distilled from factors used in other cases and also from Rule 1.5(a) of the Michigan Rules of Professional Conduct, and it evaluates the following factors when calculating reasonable attorney fees:

> (1) the experience, reputation, and ability of the lawyer or lawyers performing the services,
>
> (2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,
>
> (3) the amount in question and the results obtained,

(4) the expenses incurred,

(5) the nature and length of the professional relationship with the client,

(6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,

(7) the time limitations imposed by the client or by the circumstances, and

(8) whether the fee is fixed or contingent. [*Pirgu*, 499 Mich at 281-282.]

A review of the trial court's findings in this case shows that the court was well aware of the factors set forth in *Pirgu* and sufficiently articulated its findings in order to aid appellate review. Its main finding was that "the reasonable legal work that needed to be done was the filing of a motion for summary disposition and a response to the counter-claim" only. It also addressed the following *Pirgu* factors:

- As to the experience of the attorney, the court stated that the reputation of plaintiff's attorney "within the legal community and his testimony during the course of this hearing establishes that he is a man that, an attorney that is worth every penny, there's no question about that, and his going rate of $300 is appropriate";

- As to the difficulty of the case, the court stated that "this legal work is of a rudimentary nature, especially considering [plaintiff's attorney's] talents," that the case "does not involve complex legal issues" and "is a simple matter, that it is not complex, that it is a matter of simple debt collection";

- As to the amount in question and the results obtained, the court entered judgment in the amount of $138,000 and stated it was "utterly ridiculous to ask a client [for] $90,000 [of] a $138,000 award";

- As to the expenses incurred, the court stated that the $90,000 sought by plaintiff did not "even contemplate the expenses that occurred prior to this deposition, or the deposition itself" and "for all the Court knows . . . the totality . . . of expenses that the plaintiffs are claiming exceeds $138,000," which seemed "absolutely crazy"; and

- As to whether the fee is fixed or contingent, the court referred to the hourly rate of plaintiff's attorney.

It appears that plaintiff's main disagreement is that the sanctions only cover the reasonable attorney fees of one attorney for work done in connection with a motion for summary disposition and a response to the counterclaim, and exclude the fees incurred for other work and of other attorneys. However, under MCR 2.114(E), a court has the discretion to tailor an award of sanctions to the circumstances of the case. In this case, the trial court clearly found that sanctions should be imposed solely in connection with the first document filed by the defense following defendant's deposition. Therefore, it was not an abuse of the trial court's discretion to award sanctions that only covered the reasonable attorney fees for legal work made necessary by defendant's meritless continuation of the proceeding after his deposition.

-6-

Lastly, plaintiff argues that the trial court erred in awarding sanctions against defendant's counsel only. However, under MCR 2.114(E), if a pleading is signed in violation of MCR 2.114, an appropriate sanction must be imposed "upon the person who signed it, a represented party, or both". See also *Attorney Gen v Harkins*, 257 Mich App 564, 576; 669 NW2d 296 (2003), overruled on other grounds by *Garg v Macomb Co Community Mental Health Servs*, 472 Mich 263, 283–285; 696 NW2d 646 (2005) ("If a pleading is signed in violation of MCR 2.114(D), the party or attorney, or both, must be sanctioned"). Counsel signed defendant's motion for summary disposition. Thus, the trial court did not abuse its discretion when it awarded a total of $5,100 in sanctions against defendant's attorney only.

Affirmed.

/s/ Patrick M. Meter
/s/ Karen M. Fort Hood
/s/ James Robert Redford